# CIRCUIT COURT OF BUCHANAN COUNTY

Ida May Lester

v.

Nationwide Mutual
Insurance Co.

February 1, 2006

Case No. (Law) CL 331-05

BY JUDGE KEARY R. WILLIAMS

This case has come before the Court from an appeal of an Order in the General District Court of Buchanan County. The Appellant, Defendant below, Nationwide Insurance Company, is requesting by and through counsel that this Court reverse the lower court ruling. The Appellee, Plaintiff below, has now moved this Court to enter its Motion for Summary Judgment. It must also be noted that the parties agreed, via letter, that the Court could take into account the "Affidavit of Ralph 'Chuck' Keene" in making its decision. Therefore, after weighing the affidavit, authorities, and arguments made by counsel at the January 10, 2006, hearing, the Court now issues the following opinion:

## I. Procedural History and Facts

On the 1st day of July 2002, the Plaintiff suffered personal injuries as a result of an automobile accident with Juanita Farmer, who was insured by the Defendant, Nationwide. Ms. Lester retained the Street Law Firm, L.L.P., of Grundy, Virginia, to represent her in this matter. Therefore, on behalf of Ms. Lester, the Street Law Firm, particularly Mr. Robert Briemann, was in negotiations with Nationwide's adjusters to negotiate and settle the claim.

On or about the 17th day of October 2003, Mr. Chuck Keene of Nationwide sent a letter to Mr. Briemann offering $3,500 to settle the claim. On April 13, 2004, Mr. Briemann stated to Mr. Keene that he had the authority to settle the claim for $4,000. The next day, April 14, Mr. Keene offered $3,750 to settle the claim. Mr. Briemann stated that he would speak to the Plaintiff and get back to him.

On August 4, 2004, Mr. Briemann sent a fax to Mr. Keene, which expressed his client's intent to accept a settlement amount of $3,500. On August 6, 2004, Mr. Keene sent a letter to Mr. Briemann denying any settlement amount because the statute of limitations had run on July 1, 2004.

The Plaintiff then filed suit against the Defendant in the General District Court of Buchanan County for the requested settlement amount. The General District Court entered judgment in favor of the Plaintiff and the Defendant then appealed that decision to this Court.

## II. *Summary Judgment Standard*

The Virginia Supreme Court has stated the following with regard to when a Motion for Summary Judgment should be sustained:

> [s]ummary judgment upon all or any part of a claim may be granted to a party entitled to such judgment when no genuine issue of material fact remains in dispute, and the moving party is entitled to judgment as a matter of law. A grant of summary judgment must be based upon undisputed facts established by pleadings, admissions in pleadings, and admissions made in answers to requests for admissions. Additionally, the trial court must consider inferences from the facts in the light most favorable to the non-moving party unless the inferences are strained, forced, or contrary to reason. Of course, the trial court may consider the stipulations of the parties, answers to interrogatories, and deposition testimony if the parties agree.

*Andrews v. Ring*, 256 Va. 311, 318 (2003).

The parties did instruct the Court that the facts were not in dispute in this case and, further, that deposition testimony may be considered in reaching its decision. Given the above principles and the parties' agreement, summary judgment is an appropriate remedy if the Court sees fit.

## III. *Analysis*

The question this Court must determine in this case is whether settlement negotiations between the Plaintiff and Defendant, by and through their representatives, were on going despite not reaching a resolution to the dispute prior to the statute of limitations running. This case is unique in that no Virginia case is completely on point. However, the following gives the Court some direction:

> When time is not of the essence, an offer remains open for a reasonable time . . . or for such time as the parties treat the offer as continuing. . . . If the parties so treat the offer and it is timely accepted, a settlement contract arises, and, depending upon which party made the offer, the consideration which supports the contract is either forbearance of the right to rely upon a favorable decision or forbearance of the right to pursue and appeal from an adverse decision.

*Martin v. Basham*, 216 Va. 914, 916 (1976).

Based on this, an offer to settle will remain open and the offeree provides in consideration the forbearance of the right to rely upon a favorable court decision. The facts in this case show that Nationwide considered this case to be worth at least $3,750 in damages because that is the last offer amount made by Nationwide to Ms. Lester. Nationwide's representative, Mr. Keene, extended this offer to Ms. Lester's representative, Mr. Briemann, on April 14, 2004. The next communication between the parties did not occur until August 4 of 2004, when Mr. Briemann stated that his client would accept $3,500 to settle the claim. Again, this communication occurred after the statute of limitations had run on July 1, 2004.

The question is whether the offer was still available for acceptance by the Plaintiff between July 1, 2004, and August 4, 2004, when Mr. Briemann sent the letter accepting the offer. The offer on April 14, 2004, of $3,750 did not have a time limit attached to it; therefore, it must have been accepted within a reasonable time.

The Court finds that, although the parties were not in constant communication, the offer by Nationwide was still open for acceptance by Mr. Briemann, on behalf of Ms. Lester. There is no Virginia case that this Court can find which holds that acceptance of an offer to settle after the statute of

limitations has run is ineffective. Therefore, based on the equities involved, it would be unfair to bar Plaintiff's recovery where an offer to settle was still outstanding when the statute ran.

Thus, the Court finds that the Plaintiff's acceptance was effective and she should recover some amount of damages. Because Mr. Briemann wrote that he would accept Nationwide's offer of $3,500, this is the amount the Plaintiff shall recover. Although Nationwide was willing to pay $3,750, Mr. Briemann accepted the amount of $3,500. This Court will not punish the Plaintiff for not accepting before the statute had run, but will also not punish Nationwide for Mr. Briemann's acceptance of the lower amount. Therefore, the Plaintiff will receive $3,500.

## IV. *Conclusion*

In conclusion, the Appellee's (Plaintiff-below) Motion for Summary Judgment is granted. There is no genuine issue of material fact remaining in dispute, and, therefore, this case need not be presented to a jury. The Court finds that the Plaintiff accepted the Defendant's offer and, therefore, is awarded $3,500.